UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE MARSEGLIA and SHARON LYTLE,<br><br>            Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Civil No. 09cv2857 JAH(RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CHASE BANK, USA, N.A.'S MOTION TO DISMISS AND TO STRIKE THIRD AMENDED COMPLAINT [DOC. # 19]** |

## **INTRODUCTION**

Currently pending before this Court is the motion to dismiss and to strike plaintiffs Eugene Marseglia and Sharon Lytle's ("plaintiffs") third amended complaint filed by defendant Chase Bank, USA, N.A. (erroneously sued herein as JP Morgan Chase Bank)("defendant" or "Chase"). The motions have been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART defendant's motion.

## **BACKGROUND**

Plaintiffs initially filed their complaint in the San Diego Superior Court on October 13, 2009. Defendant removed the complaint to this Court on December 21, 2009. A first amended complaint was filed on February 17, 2010. After this Court granted defendant's motion to dismiss plaintiffs' FAC, plaintiffs filed, with leave of court,

their second amended complaint on December 6, 2010. Plaintiffs' third amended complaint ("TAC"), the operative pleading here, was filed on December 22, 2010, in order to correct the damage allegations as directed by the Court in its order filed on November 12, 2010.

The TAC alleges that defendant violated the Rosenthal Fair Debt Collections Practices Act ("the Rosenthal Act" or "the RFDCPA"), Cal. Civ. Code §§ 1788. *et seq.*, on several occasions between May through August 2009, by contacting plaintiffs after plaintiffs had informed them they were represented by counsel, wanted defendant to cease and desist further communications with them, and that they refused to pay the disputed debt. Plaintiffs also allege causes of action for violation of California Civil Code § 1785.25(a) and for invasion of privacy.

Defendant filed the instant motion to dismiss and to strike on January 5, 2011. Plaintiffs' opposition was filed on February 11, 2011. Defendant's reply brief was filed on February 28, 2011. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

Defendant moves to dismiss the FAC for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant also moves to strike plaintiffs' request for non-recoverable statutory damages.

1.  **Legal Standards**

    a.  **Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.

Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See* Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

//

**b.     Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure grants a party the right to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial" refers to a matter that has no bearing on the controversy before the court. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *reversed on other grounds in* Fogerty v. Fantasy, Inc., 510 U.S. 517, 534-535. "Impertinent" matters include allegations that are not responsive or relevant to the issues involved in the action. Id.

**2.     Analysis**

Defendant moves to dismiss plaintiffs' TAC on the grounds that (a) plaintiffs' allegations are contradicted by the exhibits attached thereto; and (b) plaintiffs' sixth cause of action for violation of California Civil Code § 1785.25(a) and seventh cause of action for invasion of privacy fail to state a claim upon which relief may be granted. Defendant further moves to strike plaintiffs' request for damages in excess of $6,000.00 based on judicial estoppel.

**a.     Plaintiffs' Exhibits**

Defendant first moves to dismiss plaintiff's entire TAC on the grounds that the exhibits attached thereto expressly contradict the allegations contained in the TAC. *See* Doc. # 19 at 4. Specifically, defendant points out that the attachments establish communications between plaintiffs and Wells Fargo Bank, not Chase. Id. Plaintiffs, in opposition, concede that they attached the wrong set of documents as exhibits to their TAC, explaining they attempted to mitigate the error by seeking a stipulation between the parties to allow plaintiffs to file a fourth amended complaint with the correct exhibits but defendant would not so stipulate without an agreement to dismiss their sixth and seventh causes of action. Doc. # 21 at 5. Plaintiffs note that the correct exhibits were attached to their first and second amended complaints, so defendant was well aware that the exhibits attached to the TAC were simply a clerical error. Id. Plaintiffs attach the correct exhibits to their opposition as proof. *See* Doc. # 22, Exhs. A-E.

//

Defendant, in reply, contends plaintiffs' attempt to rectify their omission by attaching the proper exhibits to the opposition brief is insufficient to defeat the instant motion. Doc. # 24 at 1. Defendant claims plaintiffs' request for leave to amend presented in their opposition brief is not properly raised and, thus, should not be considered. Id. (citing Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)).

Although defendant is correct that plaintiffs' TAC must still be dismissed, this Court disagrees with defendant that plaintiffs' request for leave to amend should be denied as improperly brought in opposition. In the Ninth Circuit, a party may properly present a request for leave to amend in an opposition to a motion to dismiss. *See, e.g.*, Walsh v. Countywide Home Loans, Inc., 2011 WL 2135352 *3 (9th Cir. May 31, 2011)("the act of a party to embed the request for leave to amend in an opposition to a motion to dismiss is no bar to granting leave to amend.")(citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 701 (9th Cir. 1990)). Under the circumstances, here, where the grounds for dismissal is clearly rectifiable by amendment, leave to amend must be granted. *See* Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Therefore, defendant's motion to dismiss plaintiffs' TAC is GRANTED and the TAC is dismissed without prejudice and with leave to amend in order to give plaintiffs the opportunity to attach the correct exhibits.

### b. Plaintiffs' Sixth and Seventh Causes of Action

#### 1. Sixth Cause of Action

Plaintiffs' sixth cause of action seeks relief under California Civil Code § 1725.25(a) based on allegations that defendant "intentionally and erroneously reported on a monthly basis that the account was not disputed." TAC ¶ 117. Plaintiffs allege that "§ 1725.25(a) prohibits any person from furnishing information to a credit reporting bureau that such person knows or should know is incomplete or inaccurate." TAC ¶ 115. Defendant

contends this claim falls under § 1725.25(c)[1], not 1725.25(a) as alleged in the TAC, which is preempted by the Fair Credit Reporting Act ("FCRA"). Doc. # 19 at 6 (citing Wang v. Asset Acceptance LLC, 681 F.Supp.2d 1143, 1147-48 (N.D.Cal. 2010)(construing a § 1725.25(a) claim as a § 1725.25(c) claim that is preempted by the FCRA)). Plaintiffs contend, in opposition, that this reclassification is erroneous on a motion to dismiss because it requires the Court to look outside the four corners of the complaint. Doc. # 21 at 8-9. Plaintiffs also contend the Ninth Circuit has explicitly rejected defendant's preemption argument. Id. at 9 (citing Brobritsky v. Limited Brand Stores, Inc., 2010 U.S. Dist. LEXIS 125035 (C.D. Cal. Nov. 9, 2010); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 888 (9th Cir. 2010); Buraye v. Equifax, 625 F.Supp.2d 894, 901 (C.D. Cal. 2009)). Defendant, in reply, points out that plaintiffs fail to address the Wang case which defendant claims is directly on point. Doc. # 24 at 6.

This Court is persuaded by the reasoning presented in Wang. *See* id., 681 F.Supp.2d at 1147-48. In Wang, the district court found the:

> obligation to notify [credit reporting agencies ("CRA")] of disputed debts is unambiguously addressed by the California legislature in section 178.25(c) of the [Consumer Credit Reporting Agencies Act ("CCRAA")]. Hence, the general obligation in section 178.25(a) not to furnish CRA's with incomplete or inaccurate information cannot have been intended to include the obligation to notify CRA's of disputed debts. Otherwise, section 1725.25(c) would be superfluous and unnecessary. . . . Since subsection (a) does not include an obligation to notify CRA's of disputed debts, Wang cannot rely on that subsection in his second cause of action. Instead, Wang's allegations concerning Asset's misconduct clearly give rise to a cause of action under subsection (c).

Id. The Wang court then found 1725.25(c) to be preempted based on the "almost identical provision contained in the FCRA that provides no private right of action. Id. at 1148 (citing 15 U.S.C. § 1681s-2(a)(3); 15 U.S.C. § 1681s-2(d)). The cases cited by plaintiffs do not contradict the finding that § 1725.25(c) is preempted. *See, e.g.,* Brobritsky, 2010 U.S. Dist. LEXIS 125035 at 2 ("... the Court recognizes that §§

---

[1] Cal.Civ.Code § 1725.25(c) provides that: "[s]o long as the completeness or accuracy of any information on a specific transaction ... furnished by any person to a consumer credit reporting agency is subject to a continuing dispute between the affected consumer and that person, the person may not furnish the information to any consumer credit reporting agency without also including a notice that the information is disputed by the consumer."

1725.25(b) and (c) may be preempted by federal law..."); Buraye, 625 F.Supp.2d at 901 (the FCRA "preempts all state statutory and common law causes of action against furnishers of information, except two state statutes," one of which is § 1725.25(a)).[2]

In this case, plaintiffs' sixth cause of action seeks relief based on defendant's alleged intentional and erroneous reporting that plaintiffs' account was not disputed. *See* TAC ¶ 117. The allegations mirror the provision of § 1725.25(c) and, thus, this Court construes plaintiffs' sixth cause of action as seeking relief under § 1725.25(c) of the CCRAA. So construed, this Court finds plaintiffs' sixth cause of action is preempted by the FCRA. Therefore, defendant's motion to dismiss plaintiffs' sixth cause of action is GRANTED. Because the claim cannot possibly be cured by the allegation of other facts, *see* Doe, 58 F.3d at 497, plaintiffs' sixth cause of action is DISMISSED with prejudice.

### 2. Seventh Cause of Action

Plaintiffs' seventh cause of action alleges defendants committed the common law tort of invasion of privacy by intruding upon plaintiffs' seclusion. To state a claim for invasion of privacy, plaintiffs must allege that defendant intentionally "intrud[ed] into a private place, conversation or matter ... in a manner that is highly offensive to a reasonable person." Taus v. Loftus, 40 Cal.4th 683, 725 (2007). Plaintiffs must also allege "defendant penetrated some zone of physical or sensory privacy surrounding the plaintiff or obtained unwanted access to data about the plaintiff." Shulman v. Group W Prods., Inc., 18 Cal.4th 200, 232 (1998).

Defendant moves to dismiss plaintiffs' seventh cause of action on the grounds that plaintiffs fail to state a claim upon which relief may be granted. *See* Doc. # 19 at 5-7. Defendant contends plaintiffs have failed to cure the deficiencies outlined by the Court when it dismissed the same allegations presented in plaintiffs' first amended complaint. Id. at 5 (citing Doc. # 12 at 8 ("there are no facts alleged upon which this Court could infer plaintiffs ever answered any of these calls or defendant ever made any direct contact

---

[2] The Ninth Circuit in Carvalho, also cited by plaintiffs, did not discuss § 1725.25(c). *See* Carvalho, 629 F.3d at 888.

with plaintiffs that might be construed as annoying or harassing conduct.")).  Defendant claims that a comparison between the allegations in the FAC and the TAC supports a conclusion that plaintiffs present no new facts to support this claim and, therefore, the claim must be dismissed.  Id. at 6.

In opposition, plaintiffs do not dispute they allege no new facts but, instead, appear to infer that this Court's previous decision in dismissing this claim was in error and should be reconsidered by presenting the same arguments and authority previously presented to the Court in opposition to defendant's motion to dismiss the FAC.  *See* Doc. # 21 at 5-8; *compare* Doc. # 9 at 6-9.  This Court declines to reconsider its previous decision on this claim.  A comparison between the allegations in the FAC and the TAC reveals nothing has changed.  Therefore, this Court GRANTS defendant's motion to dismiss plaintiffs' invasion of privacy claim.  Since plaintiffs have had several opportunities to amend this claim to cure the deficiencies outlined by the Court in its previous order and have failed to do so, this Court finds that the claim cannot possibly be cured by the allegation of other facts.  *See* Doe, 58 F.3d at 497.  Accordingly, plaintiffs' seventh cause of action for invasion of privacy is DISMISSED with prejudice.

      **c.**    **Motion to Strike Request for Damages in Excess of $6,000.00**

Lastly, defendant moves to strike plaintiffs' request for non-recoverable statutory damages in excess of $6,000.00.  *See* Doc. # 19 at 7-12.  Defendant contends the doctrine of judicial estoppel bars plaintiffs from seeking statutory damages in excess of $6,000.00, the amount plaintiff Eugene Marseglia valued the instant lawsuit in his bankruptcy petition filed on June 30, 2010.  Id. at 8.  Defendant points out that plaintiffs' TAC seeks $43,809.44[3] in damages but plaintiffs' attorneys, the Doan Law firm, declared under penalty of perjury that this lawsuit is not worth more than $6,000.00.  Id. (citing Cho Decl., Exhs. A, B).  Defendant argues judicial estoppel, "an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later

---

[3] Defendant also notes that plaintiffs' initial complaint sought $791,432.00 in damages but plaintiffs amended their complaint and requested $76,593.44.  *See* Doc. # 19 at 8; Docs. # 1, 6.  Plaintiffs' TAC now seeks $43,809.44.  *See* Doc. # 18.

1 taking to his or her benefit a clearly inconsistent position," should be invoked here in
2 order to "'protect against a litigant playing fast and loose with the courts.'" Id. (quoting
3 Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 782 (9th Cir. 2001)).
4 Defendant asserts that judicial estoppel is appropriately applied here. Id. at 9 (citing
5 Thomas v. Gordon, 85 Cal.App.4th 113 (2000); Hamilton, 270 F.3d at 784-85; Hay v.
6 First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992)).

7       In support, defendant argues that plaintiffs' "inconsistent positions" taken "with
8 respect to the value of this lawsuit should not be tolerated" and because "[p]laintiffs
9 received the benefit of a discharge based on a low valuation of this claim, [p]laintiffs are
10 estopped from obtaining damages in excess of $6,000." Id. at 10. Defendant contends
11 that plaintiffs should not be allowed to inflate the value of their lawsuit after their debts
12 have been discharged in bankruptcy. Id. Defendant claims this amounts to plaintiffs'
13 "playing fast and loose with the courts" and avers that plaintiffs' counsel "has a history of
14 undervaluing its lawsuits in its clients' bankruptcy petitions." Id. at 10-12 (outlining
15 various cases in which such undervaluing allegedly took place).

16       Plaintiffs, in opposition, contend that only the trustee may bring a judicial estoppel
17 claim in regards to a bankruptcy schedule, Doc. # 21 at 9. Plaintiffs further contend that
18 the Ninth Circuit has recognized there are no bright line rules for how much itemization
19 and specificity is required in scheduling claims in the bankruptcy court. Id. at 10 (citing
20 Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001)). Plaintiffs note that, where a cause
21 of action is valued as "unknown," courts have found such value sufficient to put the
22 trustee on notice and not misleading. Id. (citing, *inter alia*, Taylor v. Freeland & Kronz,
23 503 U.S. 638, 644 (1992); In re Adair, 253 B.R. 85, 87 (9th Cir. 2000); In re Gonzales,
24 302 B.R. 687, 693 (Bankr. C.D. Cal. 2003); In re Johnson, 361 B.R. 903, 909-10 (Bankr.
25 D.Mont. 2007)). Here, plaintiffs point out that they were even more specific than those
26 that listed the assets as unknown. Id. In addition, plaintiffs claim that judicial estoppel
27 is only granted when a debtor completely fails to disclose an asset and has been declined
28 where an omission was the result of inadvertence, mistake or lack of bad faith. Id. (citing

Browning v. Levy, 283 F.32 761 (6th Cir. 2002); Helfand v. Gerson, 105 F.3d 530, 536 (9th Cir. 1997); Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894, 898 (6th Cir. 2004).

Plaintiffs also note that the cases cites by defendant in support of the claim that plaintiffs' law firm has been "playing fast and loose" by undervaluing their clients' assets in bankruptcy proceedings are, in actuality, inapposite to, or unsupportive of, defendant's claim. Id. at 11. According to plaintiffs, three of the five cases cited actually rejected defendant's argument and, in the other two cases, one trustee asked for additional information which was freely given and the other has yet to be decided.[4] Id.

In reply, defendant first explains that plaintiffs' undervaluation of this lawsuit in bankruptcy court "is a classic example of why judicial estoppel should be applied." Doc. # 24 at 6 (citing Power Agent, Inc. v. Electronic Data Sys. Corp., 358 F.3d 1187, 1192 (9th Ci5r. 2004)(defining judicial estoppel as "[t]he principle that a litigant may not benefit by making directly contradictory arguments regarding the same dispute in different tribunals."). Defendant contends plaintiffs' reliance on cases in which the assets were not given a value "misses the point" because, here, plaintiffs placed a value on a lawsuit that had already been filed when they filed for bankruptcy protection. Id. at 7. Defendant points out that, in the Cusano case, cited by plaintiffs, the Ninth Circuit, after recognizing there are no bright line rules for itemizing bankruptcy schedules, stated that "Cusano was required to be as particular as is reasonable under the circumstances." Id. at 8 (quoting Cusano, 264 F.3d at 946)). Defendant contends plaintiffs' itemization here was not reasonable under the circumstances. Id.

Defendant points out that, no matter the outcome of the cases cited, plaintiffs' law firm does not provide a reasonable explanation for raising the value of their clients' lawsuits after the debts were discharged in bankruptcy. Id. at 8-9. Finally, defendant notes

---

[4] Plaintiffs lastly take umbrage with defendant's "libelous, insulting and completely false" insinuations against plaintiffs' law firm, contending such "underhanded tactics ... are false and sanctionable." Doc. # 21 at 11-12. Defendant, in reply, claims "[t]here is nothing 'libelous' about demonstrating a pattern of action based on facts" which defendant contends is established by the cases cited in its moving papers. Doc. # 24 at 8. These accusations, however, have since been presented in two separate motions for sanctions filed by plaintiffs on March 17, 2011 and April 1, 2001. *See* Docs. # 26, 27. Therefore, this Court will not address this issue here.

plaintiffs offer no evidence of mistake, inadvertence or lack of bad faith here justifying excuse from the exercise of judicial estoppel. Id. at 9.

Judicial estoppel is appropriately applied when a party seeks to gain advantage "by asserting one position and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001); *see also* Power Agent, 358 F.3d at 1192 (citing Hamilton, 270 F.3d at 782). In Hamilton, the Ninth Circuit outlined three factors to consider: (1) whether the party's position is "clearly inconsistent" with its prior position; (2) whether the party succeeded in persuading a court to accept the earlier position such that accepting a later inconsistent position creates a perception that the court has been misled; and (3) whether the party seeking to assert the later position would gain an unfair advantage or the opposing party would suffer an unfair detriment. Hamilton, 270 F.3d at 782-83.

However, this Court's review of the case authority cited by the parties, along with this Court's own independent research, reveals that no Ninth Circuit court has exercised judicial estoppel against a debtor who sought recovery in a lawsuit in excess of the valuation listed for the debtor's cause of action in the petition for bankruptcy. *See* Whitworth v. National Enterprise Systems, Inc., 2009 WL 2948529 *4 (D.Or. 2009)(noting also that "several courts have applied judicial estoppel to prevent a debtor from prosecuting a wholly undisclosed claim."). In Whitworth, the magistrate judge recommended that the district court decline to exercise judicial estoppel in regards to a Fair Debt Collections Practices Act ("FDCPA") claim that was valued at $1,000 in the bankruptcy petition but the plaintiff sought substantial actual and punitive damages.[5] Id., 2009 WL 298529 at *2, 4. The magistrate judge reasoned that because it is "notoriously difficult to value a cause of action with precision" and "not uncommon for a plaintiff to pray for damages well in excess of those he or she expects to be awarded," it would be inappropriate to exercise judicial estoppel. Id. at *4. Additionally, the magistrate judge

---

[5] The district court, in Whitworth, adopted the magistrate judge's findings and recommendation in their entirety. Whitworth, 2009 WL 2948529 at *1.

11

1  determined that no prejudice or unfair advantage would inure to defendants or any other
2  party since the bankruptcy trustee was wholly apprised of the case's pendency and
3  progress, and no evidence of fraud was presented. Id. at *4-5. This Court finds the facts
4  in Whitworth analogous to the instant case and the magistrate judge's reasoning and
5  rationale for the recommendation persuasive.
6        This Court finds, as the Whitworth court found, that it would be inappropriate to
7  invoke judicial estoppel in order to cap the damages award available to plaintiffs in this
8  case because it is not clear plaintiffs' valuation of the claim in the bankruptcy petition was
9  "clearly inconsistent" with the prayer for damages here, considering such valuations are
10 "notoriously difficult" and over-valuations are not uncommon in prayers for damages in
11 cases such as this. This Court further finds no prejudice or unfair advantage would inure
12 in this case since the bankruptcy trustee was on notice of the lawsuit. This Court is
13 neither persuaded by defendant's claim that the $6,000.00 valuation was unreasonable nor
14 by defendant's citation to other cases in which plaintiffs' law firm valued lawsuits in
15 bankruptcy petitions at an amount lower than sought in the pleadings. Although it is true
16 no explanation for the differing values was given by plaintiffs, this Court deems such an
17 explanation unnecessary. Therefore, defendant's motion to strike plaintiffs' request for
18 damages in excess of $6,000.00 based on the doctrine of judicial estoppel is DENIED.

## CONCLUSION AND ORDER

20       For the reasons set forth above, IT IS HEREBY ORDERED that defendant's motion
21 to dismiss plaintiffs' third amended complaint and to strike [doc. # 19] is **GRANTED IN**
22 **PART and DENIED IN PART** as follows:
23       1.    Defendant's motion to dismiss plaintiffs' third amended complaint in its
24            entirety for failure to state a claim is **GRANTED** and plaintiffs' third
25            amended complaint [doc. # 18] is **DISMISSED** without prejudice and with
26            leave to amend so that plaintiffs may attach the correct exhibits thereto;
27 //
28 //

2.     Defendant's motion to dismiss plaintiffs' sixth and seventh causes of action is **GRANTED** and plaintiffs' sixth and seventh causes of action are **DISMISSED with prejudic**e; and

3.     Defendants' motion to strike plaintiffs' requests for non-recoverable statutory damages in excess of $6,000.00 is **DENIED.**

In order to reopen this case, plaintiffs may file a fourth amended complaint that conforms with this Order **no later than August 19, 2011.**

DATED:    August 3, 2011

                        JOHN A. HOUSTON  
                        United States District Judge